IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARLAND SPIVEY, | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | |
| | § | **CIVIL ACTION NO. [_____]** |
| TPPROPERTY LLC d/b/a LA | § | **Jury Demanded** |
| TORRETTA DEL LAGO HOTEL | § | |
| LLC and LA TORRETTA LAKE | § | |
| RESORT AND SPA; BARCLAY | § | |
| CAPITAL REAL ESTATE; and | § | |
| NOBLE HOUSE HOTELS & | § | |
| RESORTS | § | |
| **Defendants** | § | |

**PLAINTIFF, GARLAND SPIVEY'S, ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Garland Spivey, hereinafter called Plaintiff, complaining of and about

TPProperty LLC d/b/a La Torretta Del Lago Hotel LLC and La Torretta Lake Resort and Spa ("La

Torretta"), Barclay Capital Real Estate, and Noble House Hotels & Resorts, hereinafter collectively

called Defendants, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff Garland Spivey, is a citizen of the United States and the State of Texas and

resides in Walker County, Texas.

2.      Defendant TPProperty LLC is a foreign limited liability corporation d/b/a La Torretta

Del Lago Hotel LLC and La Torretta Lake Resort and Spa and may be served with summons by

serving its registered agent C T Corporation System, 350 North St. Paul St., Ste. 2900, Dallas, TX

75201-4234.

3.      Barclays Capital Real Estate owns La Torretta and may be served with summons by serving its registered agent C T Corporation System, 350 North St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

4.      Noble House Hotels & Resorts is a limited partnership that manages La Torretta and may be served with summons by serving its registered agent Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

5.      The action arises under applicable federal statutes as hereinafter more fully appears. For claims asserted under Title VII, this court maintains jurisdiction and the EEOC issued a Right to Sue letter on October 28, 2011, and all administrative remedies have been properly exhausted and this suit is brought within ninety (90) days as to those claims.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and it is the district in which the Defendants' business is located and operated.

## NATURE OF ACTION

7.      This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and race-based retaliation.

## CONDITIONS PRECEDENT

8.      As stated, all conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein subject to Title VII and Plaintiff's Complaint is filed within ninety (90) days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## BACKGROUND AND FACTS

9.      Plaintiff had been employed with Defendant as a Front Desk Clerk, and most recently, a Night Auditor. He began working with Defendant in his role as Front Desk Clerk in August of 2009.

10.     On April 9, 2010, Plaintiff filed an internal complaint regarding discrimination and provided the company with a written statement complaining of a persistent hostile work environment and having been subjected to racially derogatory terms such as "nigger."

11.     On April 14, 2010, Plaintiff was written up for sham reasons by Defendant's authorized agents and representatives, and Plaintiff asserts that this write-up was in retaliation for his having opposed discrimination and having filed a written complaint. This had been the first time Plaintiff had ever been written up for anything.

12.     Subsequent to filing a Charge of Discrimination based on "race," Plaintiff was demoted from "full-time" to "part-time."

13.     As a result of having been demoted based on his race and complaints of racial discrimination and because of the hostile treatment he was subjected to as a result, Plaintiff was forced to resign his position in July, 2010.

14.     On April 28, 2010, Plaintiff filed a Charge of Discrimination with the EEOC alleging racial discrimination and retaliation.

## RACE DISCRIMINATION AND RETALIATION

15.     Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

16.     Defendant, La Torretta, intentionally engaged in unlawful employment practices involving Plaintiff because of his race.

17.     Defendant, La Torretta, also violated Plaintiff's rights under 42 U.S.C. Section 1981.

18.     Defendant, La Torretta, discriminated against Plaintiff in connection with the

compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race in violation of 42 U.S.C. Section 2000e (2)(a) and 42 U.S.C. Section 1981.

19.     Defendant, La Torretta, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a) and 42 U.S.C. Section 1981.

20.     Plaintiff alleges that Defendant, La Torretta, discriminated and retaliated against Plaintiff on the basis of race with malice or with reckless indifference to the state and federally protected rights of Plaintiff.

### CONSTRUCTIVE DISCHARGE

21.     Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

22.     La Torretta made the working conditions so intolerable that Plaintiff felt compelled to resign his position, including the reduction of his hours, as he was intentionally moved from full-time to part-time.  A reasonable person in the same position would have also felt compelled to resign.  Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

23.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

> a.     All reasonable costs and damages associated with bringing this lawsuit as described below;
>
> b.     All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c.      Back pay from the date that Plaintiff was denied in an amount to compensate

Plaintiff as the Court deems equitable and just;

d.      All reasonable and necessary costs incurred in pursuit of this suit;

e.      Emotional pain;

f.      Expert fees as the Court deems appropriate;

g.      Front pay in an amount the Court deems equitable and just to make Plaintiff

whole;

h.      Prejudgment interest; and

i.      Loss of benefits.

**EXEMPLARY DAMAGES**

24.     Plaintiff would further show that the acts and omissions of Defendant complained of

herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In

order to punish said Defendant for engaging in unlawful business practices and to deter such actions

and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

**SPECIFIC RELIEF**

25.     Plaintiff seeks, in addition to the monetary damages discussed above, the following

specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.      Reinstate Plaintiff to the position and pay grade which Plaintiff held but for

the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Garland Spivey, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**KENNARD LAW P.C**

    /s/ Alfonso Kennard, Jr.
Alfonso Kennard Jr.
Attorney-in-Charge
Texas Bar No. 24036888
Southern District Bar No: 713316
150 West Parker Road
Sixth Floor
Houston, Texas 77076
(713) 742-0900  (main)
(713) 742-0951  (fax)

**ATTORNEY FOR PLAINTIFF**
**GARLAND SPIVEY**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**